UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:04-cr-601-T-26EAJ

JAVIER CONTRERAS
_____/

**O R D E R**

Defendant, proceeding *pro se*, has filed a post conviction motion pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), seeking dismissal of the indictment.[1] To the extent that the Court construes the motion as being governed either under the provisions of 28 U.S.C. § 2255 or 28 U.S.C. § 2241, the motion is due to be denied.

The record reflects that the Eleventh Circuit Court of Appeals entered an order summarily affirming Defendant's conviction and sentence on February 20, 2007, at docket 110, and Defendant did not seek further review to the United States Supreme Court through a writ of certiorari.[2] Thus, his judgment of conviction became final under

---

[1] Because Defendant's motion reflects that he delivered it to prison officials for mailing on November 16, 2011, the Court will deem the motion filed as of that date under the mailbox rule. See Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (stating that "[u]nder the mailbox rule, however, a prisoner's pleading is considered filed on the date the prisoner delivers such to prison authorities for filing.") (citation omitted).

[2] The Court granted Defendant a belated direct appeal in case number 8:06-cv-918-RAL-EAJ in an order entered May 30, 2006, at docket 7.

the one-year statute of limitations imposed by § 2255(f)(1) ninety days later. See Michel v. United States, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008) (noting that when no petition for writ of certiorari is filed with the Supreme Court, a judgment becomes final for § 2255 purposes when the ninety-day period for filing a petition expires). As noted earlier, Defendant did not file his motion until November 16, 2011, clearly beyond the one-year statute of limitations of § 2255(f)(1), so that his motion, if construed as one filed under the auspices of § 2255, must be denied as time-barred.

Defendant's motion also must be denied if treated as a habeas corpus action under § 2241. Under Eleventh Circuit precedent, a claim founded on Apprendi is not sustainable in a § 2241 proceeding because Apprendi does not apply retroactively on collateral review. See Clark v. Augustine, 346 Fed.Appx. 383, 385 (11th Cir. 2009) (citing McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001) (unpublished).

Accordingly, for the reasons expressed, Defendant's Post Conviction Motion Pro Se Under Apprendi's Law to Dismiss (Dkt. 113) is denied.

**DONE AND ORDERED** at Tampa, Florida, on November 23, 2011.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Defendant, *pro se*